UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EMERSON ELECTRIC CO., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>SUZHOU CLEVA ELECTRIC )<br>APPLIANCE CO., LTD., )<br>CLEVA HONG KONG LIMITED, )<br>CLEVA NORTH AMERICA, INC., and )<br>SEARS, ROEBUCK AND CO., )<br>)<br>Defendants. )<br>) | Case No. 4:13-CV-01043 SPM |

## MEMORANDUM AND ORDER

This matter is before the court on the Motion for Partial Judgment on the Pleadings filed by Defendants Suzhou Cleva Electric Appliance Co., Ltd., Cleva Hong Kong Limited, Cleva North America, Inc., and Sears, Roebuck and Co. (collectively, "Defendants").[1]  (Doc. 53).  In their motion, Defendants seek an order of dismissal pursuant to Rule 12(c) of the Federal Rules of Civil Procedure of the contributory and induced infringement claims asserted by Plaintiff Emerson Electric Co. ("Emerson").  Defendants argue that Emerson has failed to plead the facts necessary to support these claims.[2]  In its response to the motion, Emerson agrees to withdraw its contributory infringement claims at this time, but it asserts that it has adequately pleaded induced

---

[1] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge under 28 U.S.C. § 636(c)(1).  (Doc. 38).

[2] In the instant motion, Defendants do not seek dismissal of Plaintiff's claims of direct patent infringement.

1

infringement. (Doc. 77). For the following reasons, the Court will grant Defendants' motion with regard to both the contributory and induced infringement claims.

I. BACKGROUND[3]

Emerson designs and manufactures wet/dry vacuums and is the owner of several patents related to aspects of those vacuums. Defendants are various United States and foreign companies that manufacture, use, sell, import, and/or offer for sale vacuums (the "accused products") through retailers and over the internet. Emerson claims that the accused products infringe six of its patents.

For each of the six patents at issue, Emerson alleges direct infringement, stating that Defendants' "manufacture, use, sale, offer to sell and/or importation of at least one or more of the ACCUSED PRODUCTS infringes the [patent] literally or under the doctrine of equivalents." Am. Compl. ¶¶ 40, 45, 50, 55, 60, 65. In addition, for each patent, Emerson alleges indirect infringement, stating that Defendants "have also contributed to and/or induced, and will continue to contribute to and/or induce, direct infringement of the [patent] by others in this District and elsewhere in the United States, with the direct infringement being accomplished by end users of at least the ACCUSED PRODUCTS." *Id.* ¶¶ 42, 47, 52, 57, 62, 67. Emerson also alleges that each defendant "has knowingly contributed to and induced one or more acts of direct infringement in this District." *Id.* ¶¶ 11-14.

Defendants have moved for judgment on the pleadings with respect to Emerson's indirect infringement claims, seeking a dismissal of those claims on the ground that Plaintiff has failed to state a claim upon which relief may be granted.

---

[3] These background facts are taken from Emerson's Amended Complaint (Doc. 13).

## II. LEGAL STANDARD

Under Rule 12(c) of the Federal Rules of Civil Procedure, "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." An argument that a plaintiff has filed to state a claim upon which relief may be granted may be raised through a Rule 12(c) motion for judgment on the pleadings. Fed. R. Civ. P. 12(h)(2)(B). Such motions are reviewed under the same standards as a motion to dismiss pursuant to Rule 12(b)(6). *Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2008) (citing *Clemons v. Crawford*, 585 F.3d 1119, 1124 (8th Cir. 2009)).

"'To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted)). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678). Although the court must "accept as true all facts pleaded by the non-moving party and grant all reasonable inferences from the pleadings in favor of the non-moving party," *United States v. Any & All Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000), "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

## III. DISCUSSION

### A. Induced Infringement

"'Whoever actively induces infringement of a patent shall be liable as an infringer.'" *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir.

2012) (quoting 35 U.S.C. § 271(b)). To survive a motion to dismiss with regard to induced infringement, a plaintiff's complaint must contain facts plausibly showing that the defendant "specifically intended [another] to infringe the [plaintiff's] patent and knew that [the other's] acts constituted infringement." *Id.*; *see also Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068 (2011) (liability under § 271(b) requires both "knowledge of the existence of the patent that is infringed" and "knowledge that the induced acts constitute patent infringement"). In addition, "inducement liability may arise 'if, but only if, [there is] direct infringement.'" *Limelight Networks, Inc. v. Akamai Technologies, Inc.*, --- S. Ct. ----, 2014 WL 2440535, at *4 (June 2, 2014) (quoting *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 365 U.S. 336, 341 (1961)).

Emerson argues that it has adequately pleaded that Defendants specifically intended to induce their customers to infringe Plaintiff's patents, did induce their customers to infringe Plaintiff's patents, and knew that their customers' acts constituted infringement. Emerson cites the following allegations to support its argument: (1) allegations that that Defendants manufacture, import, sell, distribute, and/or offer for sale devices that infringe Emerson's patents through retailers and online, Am. Compl. ¶¶ 6, 9-12, 36; (2) allegations that Defendants have "contributed to and/or induced, and will continue to contribute to and/or induce, direct infringement of [each patent] by others in this District and elsewhere in the United States, with the direct infringement being accomplished by end users of at least the ACCUSED PRODUCTS," *id.* ¶¶ 42, 47, 52, 57, 62, 67; and (3) allegations that Defendants have "knowingly contributed to or induced one or more acts of direct infringement in this District," *id*. ¶¶ 11-14. Emerson also argues that the fact that some defendants admitted in their answers that they sold

vacuums under certain brand names and through certain outlets (Docs. 47 & 48, at ¶¶ 6, 9, 10) "support[s] an inference of knowledge." (Doc. 77, at p. 5).

These allegations suggest that Defendants sold infringing products and that the end users of those products directly infringed Emerson's patents. However, they do not support an inference either that (1) Defendants *knew* that anyone's use of the accused products would infringe Emerson's patents, or (2) Defendants *specifically intended* that anyone would infringe Emerson's patents. Indeed, Emerson does not even allege facts suggesting that Defendants were aware of the existence of the patents at issue. The only allegations that relate to Defendants' knowledge or intent are those in which Emerson states, in a wholly conclusory fashion, that Defendants have "knowingly contributed to or induced one or more acts of direct infringement." (¶¶ 11-14). Such conclusory allegations do not state a claim for induced infringement. *See Richmond v. Lumisol Elec. Ltd.*, No. 13-1944 (MLC), 2014 WL 1405159, at *3 (D.N.J. April 10, 2014) (granting motion to dismiss induced infringement claims where "Plaintiff has not alleged facts supporting induced infringement beyond references lumped in with his direct infringement allegations stating that Defendants 'and/or have induced' and 'and/or knowingly induce' others to infringe his patents"); *PB & J Software, LLC v. Acronis, Inc.*, 897 F. Supp. 2d 815, 817, 820-21 (E.D. Mo. 2012) (dismissing plaintiff's induced infringement claims where the plaintiff alleged that the defendant was infringing and inducing others to infringe and that the defendant's activities included making, using, importing, selling, and/or offering products and services; finding that these allegations did not contain facts plausibly showing that the defendant specifically intended others to infringe or knew that the others' acts constituted infringement). *See also Iqbal*, 556 U.S. at 678 ("[A] pleading that offers 'labels and conclusions' or 'a

formulaic recitation of the elements of a cause of action will not do.'") (quoting *Twombly*, 550 U.S. at 555).

In sum, Emerson has failed to state a claim for induced infringement, and its induced infringement claims must be dismissed.

### B. Contributory Infringement

Liability for contributory infringement arises "if a party sells or offers to sell, a material or apparatus for use in practicing a patented process, and that 'material or apparatus' is material to practicing the invention, has no substantial non-infringing uses, and is known by the party 'to be especially made or especially adapted for use in an infringement of such patent.'" *In re Bill of Lading*, 681 F.3d at 1337 (quoting 35 U.S.C. § 271(c) and citing *Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1312 (Fed. Cir. 2005)).

Defendants argue that Emerson has failed to plead facts showing that any Defendant sells or offers to sell a material or apparatus for use in practicing a patented process that is material to practicing the invention, has no substantial non-infringing uses, and is known by the party to be especially made or especially adapted for use in an infringement of the patent. Emerson offers no response to this argument and states that it agrees to withdraw its contributory infringement claims. *See* Pls.' Resp. at p. 4 n.1.

After review of the Amended Complaint, I agree with Defendants that Emerson has not pleaded any facts that could permit the court to draw the reasonable inference that Defendants are liable for contributory infringement. The Amended Complaint contains conclusory allegations that Defendants have "contributed to and/or induced, and will continue to contribute to and/or induce, direct infringement of [the asserted patents] by others in this District and elsewhere in the United States, with the direct infringement being accomplished by end users of

at least the ACCUSED PRODUCTS." (Doc. 13, ¶¶ 42, 47, 52, 57, 62, 67). However, Emerson makes no effort to plead that Defendants sell any material or apparatus for use in practicing a patented process that is material to practicing the invention, has no substantial non-infringing uses, or was known by Defendants to be especially adapted for use in an infringement of Emerson's patents. Thus, Emerson's contributory infringement claims must be dismissed.

## IV. CONCLUSION

For all of the above reasons, Emerson's Amended Complaint does not contain sufficient facts to permit the court to draw the reasonable inference that Defendants are liable for induced infringement or contributory infringement. Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion for partial judgment on the pleadings (Doc. 53) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's induced infringement and contributory infringement claims are **DISMISSED**, with prejudice.

.

Dated this <u>3rd</u> day of <u>June</u>, 2014.

/s/ Shirley Padmore Mensah
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE
