UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EMERSON ELECTRIC CO., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| SUZHOU CLEVA ELECTRIC ) | |
| APPLIANCE CO., LTD., ) | Case No. 4:13-CV-01043 SPM |
| CLEVA HONG KONG LIMITED, ) | |
| CLEVA NORTH AMERICA, INC., and ) | |
| SEARS, ROEBUCK AND CO., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff Emerson Electric Co.'s ("Emerson's") Motion to Dismiss Defendants Cleva North America, Inc. and Sears, Roebuck & Co.'s ("Defendants'") Inequitable Conduct Counterclaims and Motion to Strike Defendants' Inequitable Conduct Affirmative Defenses. (Doc. No. 123). For the reasons set forth below, the Court will grant Emerson's motions.

**I.     BACKGROUND**

Emerson is the inventor of U.S. Patent No. 7,237,300 ("the '300 Patent"), titled "Multi-stepped Appliance Accessory Holder." In its Amended Complaint, Emerson alleges a claim that Defendants have infringed the '300 Patent.

Each Defendant, in its Amended Answer and Counterclaims to Plaintiff's Amended Complaint, asserts counterclaims seeking a declaratory judgment of inequitable conduct and an

1

affirmative defense that alleges inequitable conduct by Emerson in prosecuting the patent application that resulted in the '300 Patent. (Doc. Nos. 111 & 112).

In both their counterclaims and their affirmative defenses, Defendants allege that the '300 Patent "is invalid and/or unenforceable due to the failure of each individual associated with the filing and prosecution of the patent to disclose to the Patent Office all information known to be material to patentability." (Doc. 111, ¶¶ 83, 99; Doc. 112, ¶¶ 85, 98). In support of their counterclaims, Defendants further allege that Emerson "publicly disclosed the subject matter claimed in [the '300 Patent] more than one year before the earliest claimed priority date for [the '300 Patent]"; that Emerson sold and/or offered for sale products that included the subject matter claimed in the '300 Patent more than one year before that earliest claimed priority date for the '300 Patent; that "[t]he applicants and/or attorney" who prosecuted the application for the '300 Patent were aware of such public use, sales, and/or offers for sale; that such public use, sales, and/or offers for sale were material to the patentability of the subject matter claimed in the '300 Patent under 35 U.S.C. § 102; and that the applicants and attorney who prosecuted the application for the '300 Patent failed to disclose the public use, sales, and/or offers for sale with the intention of misleading or deceiving the patent examiner. (Doc. 111, ¶¶ 94-99; Doc. 112, ¶¶ 93-98).

In the instant motion, Emerson asks the Court to dismiss Defendants' counterclaims and strike Defendants' affirmative defenses, arguing that Defendants have failed to plead inequitable conduct with the particularity required by Federal Rule of Civil Procedure 9(b) and Federal Circuit law. (Doc. No. 123). Defendants oppose Emerson's motion and contend that they have adequately pleaded their counterclaims and affirmative defenses. (Doc. No. 129).

## II. DISCUSSION

### A. Emerson's Motion to Dismiss Defendants' Inequitable Conduct Counterclaims

#### 1. Legal Standard

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the complaint. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). Indeed, "[a]lthough for the purposes of a motion to dismiss [courts] must take all of the factual allegations in the complaint as true, [courts] 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678. Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). These requirements apply both to pleadings governed by the general pleading standard of Rule 8 and those governed by the heightened pleading standards of Rule 9. *Iqbal*, 556 U.S. at 686.

In addressing a motion under Rule 12(b)(6), "'documents attached to or incorporated within a complaint are considered part of the pleadings, and courts may look at such documents for all purposes, including to determine whether a plaintiff has stated a plausible claim.'" *Retro*

*Television Network, Inc. v. Luken Commc'ns, LLC*, 696 F.3d 766, 769 (8th Cir. 2012) (quoting *Brown v. Medtronic, Inc.*, 628 F.3d 451, 459-60 (8th Cir. 2010)).

Under Federal Circuit law, inequitable conduct counterclaims "'must be pled with particularity' under Rule 9(b)." *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1326 (Fed. Cir. 2009) (quoting *Ferguson Beauregard/Logic Controls, Div. of Dover Res., Inc. v. Mega Sys., LLC*, 350 F.3d 1327, 1344 (Fed. Cir. 2003)); *see also* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.").[1] In addition, as discussed below, the Federal Circuit has articulated substantive pleading requirements for inequitable conduct counterclaims.

## 2. Discussion

"Inequitable conduct is an equitable defense to patent infringement that, if proved, bars enforcement of a patent." *Therasense, Inc. v. Becton Dickinson & Co.*, 649 F.3d 1276, 1285 (Fed. Cir. 2011) (en banc). The substantive elements of an inequitable conduct claim require a claimant to show that "(1) an individual associated with the filing and prosecution of a patent application made an affirmative misrepresentation of a material fact, failed to disclose material information, or submitted false material information; and (2) the individual did so with a specific intent to deceive the [United States Patent and Trademark Office ("PTO")]." *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1327 n. 3 (Fed. Cir. 2009).

At the pleadings stage, Rule 9(b) requires that the party asserting an inequitable conduct claim "identify the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO." *Id.* at 1328. Moreover, "[a]lthough 'knowledge' and

---

[1] Because inequitable conduct "'pertains to or is unique to patent law,'" whether it "has been adequately pleaded is a question of Federal Circuit law." *Id.* at 1326 (quoting *Cent. Admixture Pharmacy Servs., Inc. v. Advanced Cardiac Solutions, P.C.*, 482 F.3d 1347, 1356 (Fed. Cir. 2007)).

'intent' may be averred generally, a pleading of inequitable conduct under Rule 9(b) must include sufficient allegations of underlying facts from which a court may reasonably infer that a specific individual (1) knew of the withheld material information or the falsity of the material misrepresentation, and (2) withheld or misrepresented this information with a specific intent to deceive the PTO." *Id.* at 1328-29.

Emerson argues that Defendants fail to meet several of the *Exergen* pleading requirements. The Court will address each in turn.

### a. "Who"

Under *Exergen*, a pleading alleging inequitable conduct must specifically identify "who" is guilty of the alleged misconduct. 575 F.3d at 1328-29. More particularly, the pleading must "name the specific individual associated with the filing or prosecution of the application . . . who both knew of the material information and deliberately withheld or misrepresented it." *Id.* at 1329. In their pleadings, Defendants identify the individuals allegedly involved in inequitable conduct as "[t]he applicants and/or attorney who prosecuted the application that resulted in [the '300 Patent]." (Doc. No. 111 ¶ 96 & Doc. No. 112 ¶ 95). Defendants argue that this satisfies the *Exergen* pleading standard because "[t]he applicants and the attorneys who prosecuted the '300 patent are readily identifiable from the face and prosecution history of the patent." (Doc. No. 129 at 4).

Defendants have failed to satisfy *Exergen*'s "who" standard. First, notwithstanding Defendants' arguments to the contrary, the names of the applicants and attorneys who prosecuted the '300 Patent are not identifiable from the pleadings or the attachments thereto. The pleadings themselves do not mention the names of the applicants and attorneys. The '300 Patent itself (which is attached to the complaint) states only that the "Attorney" is "Locke Liddell & Sapp

LLP"; it does not name any specific individual attorneys. The failure to specify the name or names of the specific individuals who committed the alleged misconduct renders Defendants' pleadings insufficient. *See Oracle Corp. v. DrugLogic, Inc.*, 807 F.Supp.2d 885, 898 (N.D. Cal. 2011) (holding that an allegation referring to "[e]ach attorney or agent who prepared or prosecuted the application" was insufficient under *Exergen* and stating that defendant must "name specific, identified individuals" in any amended complaint).

Second, Defendants' suggestion that the names of the attorneys are identifiable from the "prosecution history" for the '300 Patent is unpersuasive. The prosecution history is not part of the pleadings and thus is not properly considered in evaluating Emerson's motion to dismiss. Moreover, even when the prosecution history documents are considered, it is not immediately apparent to the Court which of the individuals named therein are the "attorneys who prosecuted the '300 patent."

Third, even assuming that the names of the applicants and attorneys could be identified from the pleadings and attachments thereto, Defendants have still failed to satisfy *Exergen*'s "who" standard. Several courts, including the Court of Appeals for the Federal Circuit, have held that the "and/or" style of pleading does not satisfy Rule 9(b)'s requirements in the inequitable conduct context. *See Exergen Corp.*, 575 F.3d at 1329 (pleading referring to "Exergen, its agents and/or attorneys" was insufficient to satisfy the "who" requirement); *Drew Techs., Inc. v. Bosch, L.L.C.*, No. 12-15622, 2014 WL 562458, at *3 (E.D. Mich. Feb. 13, 2014) (allegations referring to specific named individuals "and/or their representatives" were insufficient); *XpertUniverse, Inc. v. Cisco Sys., Inc.*, 868 F.Supp.2d 376, 381 (D. Del. 2012) (allegations referring to a specific named individual "or one or more of the other individuals listed as an inventor" were insufficient); *Mitsubishi Heavy Indus., Ltd. v. Gen. Elec. Co.*, No.

6:10-cv-812-Orl-28KRS, 2012 WL 831525, at *2 (M.D. Fla. March 12, 2012); *Server Tech., Inc. v. Am. Power Conversion Corp.*, No. 3:06-CV-698-LRH-VPC, 2011 WL 1743872, at *2 (D. Nev. May 6, 2011). As one court explained, such allegations do not "allege[] that any *one* of those individuals necessarily committed the particular act," nor do they plead "any joint concert of action," and they are thus insufficient to identify the person or persons who committed the acts. *Drew Techs.*, 2014 WL 562458, at *3.

In sum, Defendants have failed to allege "who" committed the alleged misconduct. On this ground alone, Defendants' inequitable conduct counterclaims must be dismissed.

### b. "What" and "Where"

In addition to identifying "who" is guilty of the alleged misconduct, *Exergen* requires that a pleading of inequitable conduct identify "the 'what' and 'where' of the material omission." *Exergen Corp.*, 575 F.3d at 1329. To satisfy these requirements, a pleading must "identify which claims, and which limitations in those claims, the withheld references are relevant to, and where in those references the material information is found." *Exergen Corp.*, 575 F.3d. at 1329. Again, Defendants' conclusory allegations fail to meet this threshold. In describing the "what" and "where" of the alleged material omission, Defendants allege only that "Emerson Electric sold and/or offered for sale products that included the subject matter claimed in U.S. Patent No. 7,237,300" and failed to disclose those sales. (Doc. 111, at ¶¶ 95, 98; Doc. 112, at ¶¶ 94, 97). Defendants fail to identify which claims and limitations in the '300 Patent relate to Emerson's alleged earlier product sales. Such generalized statements are insufficient to satisfy the "what" and "where" requirements of *Exergen* and Rule 9(b). *See Exergen Corp.*, 575 F.3d at 1329; *Oracle Corp.*, 807 F.Supp.2d at 898. This insufficiency constitutes a second basis on which to dismiss Defendants' inequitable conduct counterclaims.

### c. *"When and How"*

*Exergen* further requires that allegations of inequitable conduct state the "when" and "how" of the alleged misconduct. *Exergen Corp.*, 575 F.3d at 1328-30. Defendants offer no specific dates for when the alleged product sales occurred, instead simply stating that they occurred "more than one year before the earliest claimed priority date for [the '300 Patent]." (Doc. No. 111 ¶ 95; Doc. No. 112 ¶ 94). Moreover, Defendants offer no information about what products Emerson allegedly sold or offered for sale. By not alleging any specific products sold or any dates or approximate dates when they were sold, Defendants have failed to plead with particularity the "how" and "when" aspects of the alleged inequitable conduct. *See Mycone Dental Supply Co. v. Creative Nail Design, Inc.*, No. 1:11-CV-4380, 2013 WL 3216145, at *7 (D.N.J. June 24, 2013) (dismissing inequitable conduct counterclaims and striking affirmative defenses in part because the pleadings "did not specify the commercial sales information that [the patentee] should have disclosed").

Because Defendants have failed to satisfy several of *Exergen*'s pleading requirements, Defendants' inequitable counterclaims must be dismissed.[2]

### B. Emerson's Motion to Strike Defendants' Inequitable Conduct Affirmative Defenses

Under Rule 12(f), "[t]he court may strike from a pleading an insufficient defense . . . ." Fed. R. Civ. P. 12(f). The Federal Circuit and other courts have applied *Exergen*'s pleading requirements to the affirmative defense of inequitable conduct. *See Exergen Corp.*, 575 F.3d at 1325-31 (affirming denial of leave to amend to add inequitable conduct affirmative defense using the same standards applicable to an inequitable conduct counterclaim); *St. Jude Med., Cardiology Div., Inc. v. Volcano Corp.*, No. 12-441-RGA, 2014 WL 2622240, at *1 n. 1 (D. Del.

---

[2] The Court need not address Emerson's argument that Defendants also failed to allege intent to deceive.

June 11, 2014) ("Because both an affirmative defense and a counterclaim asserting inequitable conduct must meet the particularity requirements dictated by Rule 9(b), [the defendant's] counterclaim and affirmative defense for inequitable conduct rise or fall together.") (internal quotation marks omitted); *Radiancy, Inc. v. Viatek Consumer Prods. Group, Inc.*, No. 13-cv-3767 (NSR), 2014 WL 1318374, at *6 (S.D.N.Y. April 1, 2014) (applying *Exergen* standards in evaluating and granting a motion to strike an inequitable conduct affirmative defense). Defendants make no argument that the *Exergen* standards do not apply to affirmative defenses of inequitable conduct.

As previously discussed, Defendants have failed to plead inequitable conduct with the particularity required by the Federal Circuit under *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312 (Fed. Cir. 2009). Thus, Defendants' inequitable conduct affirmative defenses are legally insufficient, and Emerson's motion to strike them will be granted.

### III.  CONCLUSION

For the reasons stated above, Defendants' pleadings fail to satisfy the Federal Circuit's standards for pleading inequitable conduct counterclaims and affirmative defenses. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Emerson Electric Co.'s Motion to Dismiss Defendants Cleva North America, Inc.'s and Sears, Roebuck & Co.'s ("Defendants'") Inequitable Conduct Counterclaims and to Strike Defendants' Inequitable Conduct Affirmative Defenses (Doc. No. 123) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Cleva North America, Inc.'s and Defendant Sears, Roebuck & Co.'s Inequitable Conduct Counterclaims are **DISMISSED**.

**IT IS FURTHER ORDERED** that Defendant Cleva North America, Inc.'s and Defendant Sears, Roebuck & Co.'s Inequitable Conduct Affirmative Defenses are **STRICKEN**.

Dated this 22nd day of July, 2014.

/s/ Shirley Padmore Mensah
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE