UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EMERSON ELECTRIC CO., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| SUZHOU CLEVA ELECTRIC ) | |
| APPLIANCE CO., LTD., ) | Case No. 4:13-CV-01043 SPM |
| CLEVA HONG KONG LIMITED, ) | |
| CLEVA NORTH AMERICA, INC., and ) | |
| SEARS, ROEBUCK AND CO., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Emerson Electric Co.'s ("Emerson's") Motion for Leave to Amend Infringement Contentions (Doc. 201). For the reasons stated below, the motion will be granted.

I.   **BACKGROUND**

This case concerns Emerson's claims that Defendants manufacture, use, sell, offer to sell, and/or import various vacuum cleaners that infringe six of Emerson's patents. On October 25, 2013, Emerson served its Preliminary Infringement Contentions on Defendants pursuant to Local Rule 3-1(b). On January 29, 2014, Emerson amended those contentions with leave of Court. (Doc. 94).

On November 7, 2014, Emerson filed the instant motion, seeking leave to amend its Preliminary Infringement Contentions to identify ten additional vacuum cleaner models that it alleges infringe the patents at issue in the current suit. Most of these are vacuums that have

1

substantially the same configuration and structure as the previously accused units but are sold under different model numbers or trade names. In addition, one is a model that was previously accused of infringing the '165 patent and is now accused of infringing the '083 patent as well. Emerson states that it only recently learned information through discovery that permitted it to include these products in its infringement contentions.

II. **DISCUSSION**

Under Local Patent Rule 3-8, amendment of patentee's infringement contentions "may only be made by order of the Court, upon a showing of good cause." To show good cause, "a movant must show that it acted with diligence in promptly moving to amend when new evidence was revealed in discovery." *ABT Sys., LLC v. Emerson Elec. Co.*, No. 4:11CV00374 AGF, 2012 WL 6726330, at *1 (E.D. Mo. Dec. 26, 2012). In addition, "the Court must consider whether permitting an amendment would prejudice the non-moving party." *Id.*; *see also O2 Micro Int'l, Ltd. v. Monolithic Power Sys.*, 467 F.3d 1355, 1367 (Fed. Cir. 2006).

**A. Emerson Acted With Diligence in Promptly Moving to Amend**

The Court finds that Emerson acted with sufficient diligence in moving to amend its infringement contentions to support a finding of good cause.

Emerson argues that it could not reasonably have specifically identified every infringing vacuum prior to conducting substantial discovery in this case. It states that at the outset of the lawsuit, it made a reasonable attempt to identify all of Defendants' infringing products, including inspecting the structural features of vacuums sold by Defendants and studying pictures of vacuums online. However, Emerson notes that Defendants sell a large variety of vacuums, many with different structures, features, and specifications; that they offer those vacuums for sale

through numerous retail outlets and online; and that they sell vacuums at different times of year under numerous brand names.

Emerson notes that between September 16 and October 31, 2014, Defendants produced over 150,000 pages of documents in response to discovery requests Emerson had made. Emerson points to the following information that prompted it to amend its contentions: (1) engineering drawings Emerson requested in February 2014 that were produced by Defendants in late September 2014; (2) operator's manuals Emerson requested in April 2014, which Defendants failed to produce and which Emerson took substantial steps to find on its own in October 2014 (by searching online and purchasing vacuums just for the manuals);[1] and (3) deposition testimony from the president of Cleva North America, obtained October 13, 2014, that provided Emerson's first confirmation that Defendants manufactured and sold Channellock® and Performax® branded vacuums, which are among the newly accused products.

Defendants argue that Emerson could have identified the newly accused vacuums much earlier than they did, because the vacuums have been publicly available in retail stores for years and because Emerson even conducted some performance tests on some of the Channellock® and Performax® vacuums before filing the lawsuit. However, in light of Emerson's evidence showing that it needed the recently discovered information before it could confirm that these products were both (1) infringing, and (2) manufactured and sold by Defendants, the Court finds that Emerson has made a sufficient showing that it did not have a basis on which to include those products in its contentions until the recently produced discovery. The evidence produced by

---

[1] Emerson states that it used the engineering drawings in conjunction with the operator's manuals to confirm infringement, because many of the operator's manuals specifically reference drawing numbers corresponding to the engineering drawings.

Emerson also suggests that any delay may have been caused at least in part by Defendants' slow responses to discovery requests rather than by Emerson's lack of diligence.

Once Emerson obtained the relevant information, it is clear that Emerson acted with reasonable diligence in amending its contentions. Emerson sent its amended infringement contentions to Defendants for their consent on October 17, 2014—just four days after the deposition of Cleva North America's president and just a few weeks after receiving the relevant documentary evidence. Defendants opposed the proposed amendments on October 29, 2014, and Emerson filed its motion for leave to amend on November 7, 2014. This timeline shows diligence on Emerson's part. *See, e.g.*, *Brandywine Commc'ns Techs., LLC v. AT&T Corp.*, No. 12-2949-CW, 2014 WL 1569544, at *15-*16 (N.D. Cal. April 18, 2014) (granting leave to amend infringement contentions to include additional infringement theory where the plaintiff served its amended infringement contentions on the defendants one week before the close of fact discovery and less than two weeks after discovering information through third-party depositions and 38,000 pages of documents produced by the defendants).

### B. Defendants Will Not Be Prejudiced by the Amendment

The Court also finds that Defendants will not be prejudiced by this amendment. Emerson states that the structural features of the newly accused products are, for purposes of the infringement analysis, identical to the products previously identified. Emerson has submitted photographs, descriptions, and part numbers that support that assertion. In addition, the claim charts attached to Emerson's proposed amended contentions appear to be substantively identical to the previously filed claim charts, except for the inclusion of the newly accused model names alongside the previously accused model names in the chart headings. Emerson argues that because the structures in the new products are materially identical to those in the previously

accused products, the proposed amendments will have no effect on Defendants' invalidity or non-infringement positions, and Defendants can simply adopt the same positions taken with respect to the vacuums previously accused.

Defendants assert generally that the inclusion of the new products in the infringement contentions "effectively would return this case to last October" and would force Defendants to study the newly accused products to identify any new claims requiring construction and any additional counter-infringement and invalidity contentions. However, Defendants do not challenge Emerson's argument or evidence that the newly accused products are structurally identical to the previously identified products in all material ways, nor do they explain how the inclusion of such products would necessitate significant additional investigation or discovery related to infringement or invalidity.

After reviewing the parties' briefs and the attachments thereto, the Court is persuaded that the newly accused products are, in all material respects, structurally identical to those in the previously accused products; that the amended contentions do not assert any new theories of infringement or add any new claims that require construction; and that the amended contentions will not require Defendants to perform significant additional investigation or discovery related to infringement or invalidity. These facts distinguish this case from the cases relied on by Defendants, in which courts found that defendants would be prejudiced by amended contentions that included new infringement theories, newly accused features, and/or accusations related to new patent claims. *See Unwired Planet, LLC v. Apple Inc.*, No. 13-cv-4134-VC, 2014 WL 5396735, at *4 (N.D. Cal. Oct. 23, 2014) (concluding that amended contentions that added new infringement theories against newly accused features and technologies would likely be unduly prejudicial because the defendant "would likely be required to produce discovery for the newly-

accused features, and Apple would likely be required to develop invalidity theories in response to the new infringement contentions"); *ABT Sys., LLC v. Emerson Elec. Co.*, 2012 WL 6726330, at *1-*2 (E.D. Mo. Dec. 26, 2012) (refusing to permit amendment of infringement contentions to include contentions that products infringed on particular patent claims where plaintiff's counsel had previously stipulated that those claims were not part of their infringement contentions).

Both parties do acknowledge that Defendants will need to update their financial production to include the newly accused products. However, in light of the limited nature of this additional production and the fact that fact discovery has not yet closed, the Court finds that this will not cause significant prejudice to Defendants.

Accordingly,

**IT IS HEREBY ORDERED** that Emerson's Motion for Leave to Amend Infringement Contentions (Doc. 201) is **GRANTED**.

Dated: December 16, 2014.

/s/ Shirley Padmore Mensah
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE