UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EMERSON ELECTRIC CO., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| SUZHOU CLEVA ELECTRIC | ) |
| APPLIANCE CO., LTD., | ) Case No. 4:13-CV-01043 SPM |
| CLEVA HONG KONG LIMITED, | ) |
| CLEVA NORTH AMERICA, INC., and | ) |
| SEARS, ROEBUCK AND CO., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Strike the Deposition of Hong Chen and for Sanctions (Doc. 198). For the reasons stated below, the motion will be denied.

### I.  FACTUAL BACKGROUND

In early September 2014, Emerson's lead counsel (Jennifer Hoekel) and Defendants' lead counsel (Steven LeBlanc) exchanged emails in which they agreed that the personal deposition of Hong Chen and the Rule 30(b)(6) depositions of Suzhou Cleva and Cleva Hong Kong (with Hong Chen as corporate designee) would be conducted October 21st through October 24th in Hong Kong. In an email dated September 9, Mr. LeBlanc requested that Ms. Hoekel let him know whether Emerson planned to have an attorney appear in person so that he could do the same. On September 17, Emerson served Defendants with deposition notices reflecting the agreed-upon dates. Upon receiving the notices, Mr. LeBlanc notified Ms. Hoekel that he had not realized that she would be taking the depositions in person, and he requested that the depositions be delayed by two days so he could attend. It is unclear whether Ms. Hoekel responded.

In a conversation on October 14, 2014, Mr. LeBlanc told Ms. Hoekel that Defendants had associated with local counsel in China who would attend the depositions in person. The parties dispute whether Mr. LeBlanc affirmatively told Ms. Hoekel that Defendants' U.S. counsel also intended to attend the deposition by telephone. In any event, it does not appear that Emerson's attorneys were ever explicitly informed that Defendants would be represented at the deposition by their U.S. counsel and not by the local counsel in China.

Around this time, Ms. Hoekel learned that Emerson wanted Peter Yang, in-house counsel for Emerson, to attend the Hong Kong depositions. Mr. Yang executed a Protective Order assurance, which Ms. Hoekel sent to Mr. LeBlanc on October 20, 2014. Mr. LeBlanc emailed back, objecting to Mr. Yang being present for discussions of sensitive business information that would be designated as Attorneys' Eyes Only under the stipulated protective order but stating, "otherwise, Defendants have no objection to Peter Yang attending the depositions."

On October 22, 2014, Mr. Chen arrived at his deposition with Allen F. Tao, a partner with Liu, Shen & Associates in Beijing, China. According to declarations filed by Ms. Hoekel, the videographer, and the court reporter, Mr. Tao stated that he represented the witness, and he asked that Mr. Moose be connected so that he could appear by telephone. The videographer, who had just set up her own equipment, showed Mr. Tao the phones in the room and told him that they were not in a position where they could be used. Someone from the office attempted to resolve the issue but was not able to do so. According to the declarations of Ms. Hoekel, the videographer, and the court reporter, Mr. Tao stated that the deposition could continue without Mr. Moose's participation. Both the videographer and court reporter stated that they never heard Ms. Hoekel insist that the deposition take place without Mr. Moose or other counsel present. In contrast, according to Mr. Chen's affidavit, Mr. Tao "informed [Ms. Hoekel] that Defendants

would be represented by Richard M. Moose, who would participate by telephone," and "[Ms. Hoekel] responded that no telephone was available in the conference room in which the deposition was being conducted and insisted that the deposition commence as scheduled without Mr. Moose's participation."

The deposition began without Mr. Moose, and Mr. Tao identified himself on the record as "the legal counsel of Cleva Suzhou." At several points, Mr. Tao objected to Mr. Yang's presence. Ms. Hoekel repeatedly refused to ask Mr. Yang to leave, indicating that she was only seeking information that did not qualify as Attorneys' Eyes Only information under the protective order. Ms. Hoekel eventually did ask Mr. Yang to leave.

During the lunch recess, the phone was set up, and Mr. Moose appeared by phone. However, there were technical difficulties, and the deposition was adjourned for the day. When Ms. Hoekel returned to her hotel, she received an email, sent earlier in the day from Mr. LeBlanc, asking her not to conduct any examination without Mr. Moose being present and stating that Mr. Yang was not permitted access to any document designated Attorneys' Eyes Only under the protective order.

Mr. Chen's deposition was resumed the next day. Over the next two days, Mr. Moose appeared by phone, but the connection was repeatedly lost and had to be re-established. Mr. Tao was present for the duration of the deposition; however, Mr. Yang did not return after the first day of depositions.

## II. DISCUSSION

### A. Emerson Did Not Depose Mr. Chen Without Counsel Present

Defendants first move to strike the individual deposition of Mr. Chen on the ground that Ms. Hoekel conducted the deposition without counsel being present.[1] The Court finds no basis on which to strike the deposition. Mr. Chen arrived at his deposition with an attorney, Mr. Tao, who introduced himself as counsel for the witness and who later (on the record) described himself as counsel for "Cleva Suzhou." There is no evidence that Defendants ever informed Ms. Hoekel in advance of the deposition that Mr. Moose, or any other particular attorney, would be representing either the witness or Defendants. There is also no evidence that Defendants ever worked with Ms. Hoekel in advance of the deposition to set up a conference call or other means of allowing Mr. Moose or any other attorney to participate by phone. Ms. Hoekel only learned that Mr. Moose wanted to participate by phone from Mr. Tao, who later stated that the deposition could proceed *without* Mr. Moose.[2] Under these circumstances, it was reasonable for Ms. Hoekel to believe that Mr. Tao represented Mr. Chen and Defendants, and it was reasonable for her to proceed with the deposition without Mr. Moose's involvement.

Defendants' assertion that Ms. Hoekel "orchestrated" these events by "refus[ing] to answer whether the depositions would be conducted by telephone or in person until it was too late for Defendants' counsel to make travel arrangements" is unpersuasive. There is nothing

---

[1] Defendants' motion contains no citations to any rules or cases addressing the authority of the Court to grant a motion to strike under these circumstances or similar circumstances.

[2] The undersigned recognizes that Hong Chen stated in his affidavit that Ms. Hoekel insisted that the deposition proceed without the appearance of Mr. Moose. However, that affidavit is contradicted by the declarations of Ms. Hoekel, the videographer, and the court reporter. Given that Mr. Chen testified that he speaks only "a little bit" of English and that his statement concerns the substance of a conversation (conducted in English) to which he was not a party, the Court finds the other declarations to be more persuasive than his. The Court further notes that Defendants have not submitted any declaration from Mr. Tao.

before the Court to suggest that Defendants' U.S. counsel were falsely lulled into believing that Emerson's counsel would *not* travel to China to take the depositions in person. Nor is there anything in the record to suggest that Emerson's counsel somehow prevented Defendants' U.S. counsel from attending in person. Indeed, more than a month before the depositions, Defendants were aware that Emerson's counsel would be attending the depositions in person. Defendants have failed to explain why more than a month's notice was insufficient to allow their U.S. counsel to arrange to appear in person. Defendants have also failed to explain why they did not attempt to avoid the problems that arose here by simply advising Emerson's attorneys in advance of the deposition that U.S. counsel (and not the local counsel) would be representing the parties and by providing the pertinent contact information. Defense counsel's failure to clearly communicate and/or to think through logistical challenges posed by counsel or Defendants' desires is not a reason for sanctioning Emerson.

Defendants' argument that Ms. Hoekel could easily have obtained a usable telephone and has "no excuse" for proceeding without one is not supported by the record. As the affidavits of the court reporter and videographer make clear, there were significant logistical difficulties associated with setting up a telephone in the room where the deposition was occurring. Upon learning of these difficulties, both Ms. Hoekel and Mr. Tao agreed to proceed with the deposition rather than waiting for them to be resolved.

In sum, Ms. Hoekel reasonably believed that Mr. Tao was acting as counsel for Mr. Chen and Defendants, and she acted reasonably in proceeding with Mr. Chen's deposition without additional counsel present. In light of this finding and the fact that Defendants offer no authority supporting their motion to strike, the Court will not grant the motion to strike on this basis.

### B. Mr. Yang's Presence at the Deposition Is Not Grounds for Striking the Deposition

Defendants' second argument is that Mr. Chen's deposition should be stricken, and/or other sanctions imposed, because Mr. Yang's presence at the deposition was improper and violated the terms of the protective order.[3] The Court disagrees. When Defendants learned that Mr. Yang planned to attend the deposition, Defendants objected "to any Emerson employee having access to information designated as Attorneys' Eyes Only" and indicated that their objection included "an Emerson employee being present at the deposition during questions that elicit sensitive business information." Defendants referred Emerson's counsel to paragraph 8 of the protective order, which states, in part, "The deposition of any witness (or any portion of such deposition) that includes confidential information shall be taken only in the presence of persons who are qualified to have access to such information."

It was reasonable for Emerson's counsel to interpret this email exchange to mean that Mr. LeBlanc *did* object to Mr. Yang being present when sensitive business information was discussed, but *did not* object to Mr. Yang being present when other matters were being discussed. Indeed, if that was not Defendants' position, it is difficult to tell what Defendants' counsel meant when he said, "Otherwise, Defendants have no objection to Peter Yang attending the depositions."

Defendants do not identify any questions posed before Mr. Yang left the deposition that elicited sensitive business information, nor does it appear to the Court that any such information was elicited. Indeed, Defendants have voluntarily made Mr. Chen's entire deposition public by filing his deposition as an exhibit not under seal, an action that appears inconsistent with their position that the deposition contained sensitive business information that should not have been

---

[3] Again, Defendants fail to cite any rules or cases in support of their argument.

heard by an Emerson employee. The Court acknowledges that it may have been a better course of action for Emerson's counsel to have erred on the side of caution by sending Mr. Yang out of the deposition at Mr. Tao's first objection. However, her actions were reasonable in light of her prior email exchange with defense counsel, and her actions do not appear to have caused any prejudice to Defendants. Thus, the Court finds no basis for striking Mr. Chen's deposition or imposing other sanctions.

### C. Emerson's Request for Fees Will Be Denied

Emerson requests that the Court award it the fees associated with responding to the motion under 28 U.S.C. § 1927, which provides that an attorney who "multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Such sanctions are warranted "when an attorney's conduct multiplies the proceedings unreasonably and vexatiously and, when viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." *EEOC v. Trans States Airlines, Inc.*, 462 F.3d 987, 996 (8th Cir. 2006) (quotation marks omitted). Although the instant motion will be denied, the Court does not find that the instant motion was sufficiently unreasonable to warrant an award of fees under this statute, so Emerson's request will be denied.

For all of the above reasons,

**IT IS HEREBY ORDERED** that Defendants' Motion to Strike the Deposition of Hong Chen and for Sanctions (Doc. 198) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's request for an award of the fees associated with responding to the motion is **DENIED**.

Dated: This 5th day of January, 2015.

/s/ Shirley Padmore Mensah
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE
