UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EMERSON ELECTRIC CO., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| SUZHOU CLEVA ELECTRIC | ) |
| APPLIANCE CO., LTD., | ) Case No. 4:13-CV-01043 SPM |
| CLEVA HONG KONG LIMITED, | ) |
| CLEVA NORTH AMERICA, INC., and | ) |
| SEARS, ROEBUCK AND CO., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**MEMORANDUM AND ORDER**

This case is before the Court on Emerson's Motion to Strike the Declaration of Richard Ostroski (Doc. 259). For the reasons stated below, this motion will be granted in part and denied in part.

**I. BACKGROUND**

On December 12, 2014, Defendants submitted the Expert Rebuttal Report of Richard Ostroski on the topic of infringement (the "Report") (Doc. 237-2). In this Report, Mr. Ostroski offered his opinions that the accused products did not infringe certain specific claims of each of several patents at issue in this case. Mr. Ostroski attached a list of the documents and information he had reviewed and considered in forming his opinions, which included various patents; various orders and documents filed in this case; various deposition transcripts, images, product manuals, and other information about the accused products found on a particular website; and representative samples of the accused products, including several specific model numbers. He

1

also attached a chart for each patent briefly stating why the the accused products did not satisfy each specific claim limitation at issue. Emerson deposed Mr. Ostroski on February 3, 2015. (Doc. 252-10). The deadline for completing expert depositions and discovery was February 27, 2015. (Doc. 196).

On March 23, 2015, in connection with their opposition to Plaintiff's motion for summary judgment, Defendants submitted the Declaration of Richard Ostroski (Doc. 252-2) (the "Declaration"). The Declaration included detailed explanations of the reasons for Mr. Ostroski's opinions that the accused products did not satisfy various claim limitations, including specific photographs and diagrams of various accused products and descriptions of the photographs and diagrams. Emerson asks the Court to strike the Declaration because it contains new factual bases for Mr. Ostroski's opinions that were not presented in his expert report, contains statements that contradict his prior deposition testimony, and was untimely under the Court's Case Management Order. Emerson also asks the Court to rule that Mr. Ostroski cannot testify at trial as to matters addressed in the Declaration but not disclosed in his Report.

## II. LEGAL STANDARDS

Under Rule 26, a report from an expert expected to testify "must contain: (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; [and] (iii) any exhibits that will be used to summarize or support them . . . ." Fed. R. Civ. P. 26(a)(2)(B). When a party fails to provide such information, "the district court has wide discretion to fashion a remedy or sanction as appropriate for the particular circumstances of the case." *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008) (citing Fed R. Civ. P. 37(c)(1)). The court "may exclude the information or testimony as a self-executing sanction unless the party's failure to comply is substantially

justified or harmless." *Id.* "When fashioning a remedy, the district court should consider, *inter alia*, the reason for noncompliance, the surprise and prejudice to the opposing party, the extent to which allowing the information or testimony would disrupt the order and efficiency of the trial, and the importance of the information or testimony." *Id.*

### III. DISCUSSION

Emerson identifies three categories of information in the Declaration that warrant striking it. The Court will address each in turn.

#### A. New Experimental Testing

First, Emerson points out that in paragraphs 105 through 118 of his Declaration, Mr. Ostroski describes a series of tests he performed on the '170 accused products after modifying them using balsa wood sticks and clear tape. Mr. Ostroski concludes from this testing that the accused products do not collapse when vacuum loads are applied. The Court agrees with Emerson that this experimental testing constitutes a new factual basis for his opinions that was not timely disclosed. In his Report, Mr. Ostroski did not discuss having performed *any* experimental testing with regard to the accused products. He noted only that his opinions were based in part on his "direct observations of the structure and operation of the accused products." (Doc. 237-2).

Defendants offer no justification for the failure to disclose the testing earlier. In addition, the failure to timely disclose information about this testing procedure prejudiced Emerson, because the late disclosure limited Emerson's opportunity to cross-examine Mr. Ostroski regarding the details of the testing, to have its own experts perform similar tests, and to have its own experts evaluate the validity or reliability of the tests performed. Therefore, the Court will strike these paragraphs of the Declaration and preclude Mr. Ostroski from testifying at trial about

3

this testing. *See Trost v. Trek Bicycle Corp.*, 162 F.3d 1004, 1008-09 (8th Cir. 1998) (affirming exclusion of new expert opinions submitted for the first time by an expert after the close of discovery where the other party would have been significantly prejudiced because of lack of time to prepare to refute the evidence at trial); *Rembrandt Vision Techs., L.P. v. Johnson & Johnson Vision Care, Inc.*, 725 F.3d 1377, 1381-82 (Fed. Cir. 2013) (upholding exclusion of trial testimony regarding testing methodology different from that described in earlier report).

### B. Statements Inconsistent With Deposition Testimony

Second, Emerson argues that certain statements in the Declaration suggesting that a single part may be a "latch," (Declaration, ¶¶ 27, 64-67), directly contradict Mr. Ostroski's earlier deposition testimony, in which he states, "To me, a latch is—requires two parts. It requires—it can't be just one part." (Doc. 252-10, Dep. of Richard Ostroski, Feb. 3, 2015, at 83:8-12). Defendants argue that Mr. Ostroski actually offered a second meaning of "latch" in his deposition, pointing to deposition testimony in which Mr. Ostroski stated that the part that a user engages with is also something that he "call[s] a latch." (*Id.* at 83:23-84:4). After review, the Court finds Defendant's explanation plausible and does not see a clear contradiction between the Declaration and Mr. Ostroski's deposition testimony that warrants striking the Declaration. This is not a situation analogous to the cases relied on by Emerson, in which there were clear contradictions between sworn deposition testimony and a subsequent declaration. *See Tenbarge v. Ames Taping Tool Sys., Inc.*, 190 F.3d 862, 865 (8th Cir. 1999) (expert's testimony at trial "contrasted sharply" with his earlier deposition testimony); *Anchor Wall Sys., Inc. v. Rockwood Retaining Walls, Inc.*, 340 F.3d 1298, 1314 (Fed. Cir. 2003) (expert's declaration "repeatedly contradict[ed] [the expert's] previous sworn testimony"). Rather, it appears that Mr. Ostroski's

deposition testimony was somewhat ambiguous. The Court will not strike any of the Declaration based on this alleged contradiction.

### C. Other New Factual Bases for Opinions

Finally, Emerson identifies numerous paragraphs of Mr. Ostroski's Declaration that it argues contain new factual bases for his opinions that the accused products do not satisfy various claim limitations: ¶¶ 21, 27, 35-36, 53, 60-61, 64-67, 73, 76, 78-79, 83, 87-90, 91, 96, 98, 129-38, 151-57, 159-66, 168-70, 218-25, 235-39. These paragraphs consist largely of Mr. Ostroski's descriptions of photographs and diagrams of the accused products. The Court has reviewed each of these paragraphs and finds that they do not contain new factual bases for his opinions. Although they contain more details than the Report does, they are entirely consistent with and do not significantly expand on any of the opinions or reasons in the Report. In contrast, in the cases relied on by Emerson, the courts excluded untimely expert opinions that were either completely new, added something other than simply greater detail, or were actually contradictory to an expert's prior reports or deposition testimony. *See Cheese Sys., Inc. v. Tetra Pak Cheese & Powder Sys., Inc.*, 725 F.3d 1341, 1355 (Fed. Cir. 2013) (affirming exclusion of part of declaration but noting that the district court had refused to strike portions that "simply provided greater detail" regarding matters previously disclosed); *Rembrandt Vision Techs.*, 725 F.3d at 1381-82 (affirming exclusion of trial testimony regarding testing procedures completely different from those disclosed in his report); *Tenbarge*, 190 F.3d at 865 (remanding where an expert's trial testimony "contrasted sharply" with his earlier deposition testimony); *Anchor Wall Sys.*, 340 F.3d at 1314 (excluding declaration that "repeatedly contradict[ed] [the expert's] previous sworn testimony"); *Trost*, 162 F.3d at 1008-09 (affirming exclusion of completely new expert report).

Moreover, even assuming, *arguendo*, that Mr. Ostroski's Declaration did contain new factual bases for his opinions that should have been disclosed in his Report and were not timely disclosed, the Court finds the noncompliance with Rule 26 was harmless and did not significantly prejudice Emerson. This is not a situation in which an expert gave certain reasons for his opinions in his report or deposition and then unfairly surprised the opposing party by later offering new or different reasons. The opinions and reasons in the Declaration were entirely consistent with the opinions and reasons in the Report. At most, the Report lacked sufficient detail regarding the reasons for the opinions, a deficiency that would have been readily apparent to Emerson when the Report was submitted. Emerson could easily have addressed that deficiency by objecting to the Report as noncompliant with Rule 26 when it was filed, or by asking Mr. Ostroski about the reasons for his non-infringement opinions at his deposition. However, Emerson chose to do neither of those things, which seriously undermines Emerson's suggestion that Mr. Ostroski's late disclosure of the details of the reasons for his opinions significantly hampered Emerson's discovery efforts. *See Richman v. Sheahan*, 415 F. Supp. 2d 929, 939-40 (N.D. Ill. 2006) (holding that a plaintiff's failure to challenge purportedly conclusory expert reports until four months after they were submitted belied the plaintiff's claim that the conclusory nature of the reports impacted the plaintiff's discovery efforts; stating, "by waiting until after the close of discovery, the plaintiff has waived any conceivable claim that the reports adversely affected their ability to depose the experts"); *White Elec. Servs., Inc. v. Franke Food Serv. Sys., Inc.*, No. 09-CV-504-CVE-PJC, 2010 WL 3368541, at *3 (N.D. Okla. Aug. 24, 2010) (party seeking to strike expert report waived objection to completeness of expert report under Rule 26 where the party deposed the expert and made no complaint about the sufficiency

of the report until after the discovery cutoff). Therefore, the Court will not strike these paragraphs of the Declaration and will not strike the Declaration in its entirety.

## IV. CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that Emerson's Motion to Strike the Declaration of Richard Ostroski (Doc. 259) is **GRANTED IN PART and DENIED IN PART**. The motion is **GRANTED** to the extent that Emerson seeks to strike paragraphs 105 through 118 of the Declaration and to exclude Mr. Ostroski from testifying at trial regarding the matters described in those paragraphs. In all other respects, the motion is **DENIED**.

Dated this 8th day of May, 2015.

/s/ Shirley Padmore Mensah
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE