UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EMERSON ELECTRIC CO., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| SUZHOU CLEVA ELECTRIC | ) |
| APPLIANCE CO., LTD., | ) Case No. 4:13-CV-1043-SPM |
| CLEVA HONG KONG LIMITED, | ) |
| CLEVA NORTH AMERICA, INC., and | ) |
| SEARS, ROEBUCK AND CO., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**MEMORANDUM AND ORDER**

This case is before the Court on Plaintiff Emerson Electric, Inc.'s Motion to Exclude the Expert Testimony of Richard Ostroski. (Doc. 287). For the reasons stated below, the motion will be denied.

**I.     BACKGROUND**

This case involves Plaintiff's contentions that Defendants have infringed six of Emerson's patents, and Defendants' contentions that those patents are invalid. To support their arguments with regard to infringement and invalidity, Defendants intend to rely at trial on the testimony of Mr. Richard Ostroski. Plaintiff moves to exclude some or all of those opinions as unreliable under Rule 702 of the Federal Rules of Evidence. Plaintiff also argues that some of

those opinions should be excluded because Mr. Ostroski's report was inadequately disclosed under Federal Rule of Civil Procedure 26.

The Court recently granted in part Defendants' motion for summary judgment of non-infringement of several of the patents at issue and granted in part Plaintiff's motion for summary judgment on several of Defendants' invalidity contentions. As discussed below, that ruling rendered moot several of Plaintiff's challenges to the admissibility of Mr. Ostroski's testimony.

## II. LEGAL STANDARDS

The admissibility of expert testimony in federal court is governed by Rule 702 of the Federal Rules of Evidence. Rule 702 states, "A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." This rule imposes a "gatekeeping" responsibility on the district court, in which the court must ensure that expert testimony is both relevant and reliable. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147-48 (1999) (citing *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993)). "The proponent of the expert testimony bears the burden to prove its admissibility." *Menz v. New Holland N. Am., Inc.*, 507 F.3d 1107, 1114 (8th Cir. 2007). "Decisions concerning the admission of expert testimony lie within the broad discretion of the trial court." *Anderson v. Raymond Corp.*, 340 F.3d 520, 523 (8th Cir. 2003) (quotation marks omitted).

"Rule 702 favors admissibility if the testimony will assist the trier of fact, and doubts regarding whether an expert's testimony will be useful should generally be resolved in favor of

admissibility." *Clark v. Heidrick*, 150 F.3d 912, 915 (8th Cir. 1998) (quotation marks and citations omitted). "'[T]he rejection of expert testimony is the exception rather than the rule.'" *Robinson v. GEICO Gen. Ins. Co.*, 447 F.3d 1096, 1101 (8th Cir. 2006) (quoting Fed. R. Evid. 702 advisory committee's note). "'Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.'" *Id.* (quoting *Daubert*, 509 U.S. at 595). However, "[w]here 'opinion evidence . . . is connected to existing data only by the *ipse dixit* of the expert,' a district court 'may conclude that there is simply too great an analytical gap between the data and the opinion proffered.'" *Smith v. Cangieter*, 462 F.3d 920, 924 (8th Cir. 2006) (quoting *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997)).

### III.   DISCUSSION

Plaintiff moves to exclude some or all of the infringement and invalidity opinions of Mr. Ostroski on various grounds. The Court will consider each of Mr. Ostroski's challenged opinions in turn.

#### A.  Mr. Ostroski's Infringement Opinions Are Admissible

Plaintiff moves to exclude all of Mr. Ostroski's opinions on infringement, contending that those opinions were not formed from the proper temporal perspective. As Plaintiff points out, to properly assess infringement and validity, an expert must place themselves into the mind of a skilled artisan at the time of invention. *See, e.g., Phillips v. AWH Corp.*, 415 F.3d 1303, 1313 (Fed Cir. 2005). Plaintiff argues that Mr. Ostroski admitted that he did not do any investigation to determine whether the meaning of the terms at issue had changed and whether the art had shifted in some way relevant to the meaning of the claim terms in the last 20 years, and that he just used the ordinary meaning of those terms today.

After review of the full exchange in Mr. Ostroski's deposition addressing his temporal perspective, the most reasonable reading of Mr. Ostroski's testimony is that he did not believe that the terms used in the patents had changed in meaning since the date of the invention of the patents. *See, e.g.*, Ostroski Dep., 287-2, at 65:13-14 ("Its—you know, a circle today is a circle as it was 20 years ago."); 66:11-16 ("I used what the claim terms mean today . . . And what I think they meant years ago. Because—because the definition doesn't changes—doesn't change."). To the extent that Emerson wishes to challenge this belief or its factual basis with respect to any of the specific terms at issue, those challenges go to the weight of this testimony rather than its admissibility. *See Sphere Drake Ins. PLC v. Trisko*, 226 F.3d 951, 955 (8th Cir. 2000) ("Attacks on the foundation for an expert's opinion, as well as the expert's conclusions, go to the weight rather than the admissibility of the expert's testimony."); *Filbert v. Joseph T. Ryerson & Son, Inc.*, No. 4:10CV1189 JCH, 2012 WL 2154347, at *3 (E.D. Mo. June 13, 2012) ("Defendant's assertions concerning flaws in [the expert's] methodology or underlying assumptions are proper subjects for [the Defendant's] own expert testimony and for thorough cross-examination before the trier of fact") (quotation marks omitted); *Harrington v. Sunbeam Products, Inc.*, No. 4:07-CV-1957 CAS, 2009 WL 701994, at *12 (E.D. Mo. March 13, 2009) (stating that the defendant's "assertions concerning flaws in [the expert's] methodology and the factual basis of his testimony . . . go to the weight and credibility of his testimony as opposed to its admissibility and are proper subjects for thorough cross-examination before the trier of fact.") (internal citation omitted). Emerson may challenge these opinions through cross-examination or contrary evidence at trial.

### B. The Court Need Not Reach the Question of Whether Mr. Ostroski's Opinions on Obviousness, Definiteness, Written Description, Enablement, Particularity, and Anticipation of '170 Patent by Prior Art Patents Are Admissible

Plaintiff argues that the Court should exclude Mr. Ostroski's opinions concerning invalidity of the Asserted Patents based on obviousness, definiteness, written description,

enablement, and particularity. Plaintiff also argues that the Court should exclude Mr. Ostroski's opinion that the '170 Patent is anticipated by U.S. Patent Nos. 4,800,615; 5,287,587; and 4,569,100. Plaintiff argues that these opinions inadmissible under Federal Rule of Evidence 702 because they unreliable, are not based on any proper methodology, and are divorced from the relevant facts of the case. Defendants also argue that some of these opinions should be excluded because they were not sufficiently disclosed to Plaintiff under Federal Rule of Civil Procedure 26(a)(2)(B).

These aspects of Plaintiff's motion have been rendered moot by the Court's summary judgment order. As to the '769, '083, and '300 Patents, the Court has entered summary judgment of non-infringement and has dismissed Defendants' invalidity counterclaims, so Mr. Ostroski's opinions on invalidity of those patents are no longer relevant to this case. As to the '170 Patent, the '485 Patent, and the '165 Patent, the Court has held that Plaintiff is entitled to summary judgment on Defendants' invalidity contentions based on obviousness, definiteness, written description, enablement, and particularity, even when Mr. Ostroski's opinions are considered. Finally, the Court has found that Plaintiff is entitled to summary judgment on the question of anticipation of the '170 Patent by U.S. Patent Nos. 4,800,615; 5,287,587; and 4,569,100, even when Mr. Ostroski's opinions are considered. Thus, Plaintiff's motion to exclude Mr. Ostroski's opinions concerning invalidity of the Asserted Patents based on obviousness, definiteness, written description, enablement, or particularity, or anticipation of the '170 Patent by these prior art patents will be denied as moot.

### C. Mr. Ostroski's Other Opinions on Invalidity Are Admissible

As with Mr. Ostroski's infringement opinions, Plaintiff moves to exclude all of Mr. Ostroski's invalidity opinions because he applied today's meaning to the claim terms rather than

investigating their meaning at the time of the invention of the patents. For the reasons discussed above with respect to infringement, however, it appears that Mr. Ostroski believed there was no difference in the meaning of the claim terms at issue today as compared to the date of invention. Therefore, Plaintiff's motion to exclude will not be granted on this basis.

### IV. CONCLUSION

For all of the above reasons,

**IT IS HEREBY ORDERED** that Plaintiff Emerson Electric, Inc.'s Motion to Exclude the Expert Testimony of Richard Ostroski (Doc. 287) is **DENIED**.

/s/Shirley Padmore Mensah
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 30th day of September, 2015.