UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EMERSON ELECTRIC CO., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| SUZHOU CLEVA ELECTRIC | ) |
| APPLIANCE CO., LTD., | ) Case No. 4:13-CV-1043-SPM |
| CLEVA HONG KONG LIMITED, | ) |
| CLEVA NORTH AMERICA, INC., and | ) |
| SEARS, ROEBUCK AND CO., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**MEMORANDUM AND ORDER**

This case is before the Court on Defendants' Motion to Exclude Plaintiff's Expert Bryce Rutter (Doc. 279) and Defendants' Motion to Exclude Plaintiff's Expert David Bowen (Doc. 288).

**I.    BACKGROUND**

This case involves Plaintiff's contentions that Defendants have infringed six of Emerson's patents, and Defendants' contentions that those patents are invalid. To support their arguments with regard to infringement and invalidity, Plaintiff intend to rely at trial on the testimony of Dr. Bryce Rutter and Mr. David Bowen. Defendants move to exclude some or all of their opinions as unreliable under Rule 702 of the Federal Rules of Evidence.

The Court recently granted in part Defendants' motion for summary judgment of non-infringement of several of the patents at issue and granted in part Plaintiff's motion for summary

judgment on several of Defendants' invalidity contentions. As discussed below, that ruling rendered moot several of Defendants' challenges to the admissibility of Dr. Rutter's and Mr. Bowen's opinions.

## II.    LEGAL STANDARDS

The admissibility of expert testimony in federal court is governed by Rule 702 of the Federal Rules of Evidence. Rule 702 states, "A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." This rule imposes a "gatekeeping" responsibility on the district court, in which the court must ensure that expert testimony is both relevant and reliable. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147-48 (1999) (citing *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993)). "The proponent of the expert testimony bears the burden to prove its admissibility." *Menz v. New Holland N. Am., Inc.*, 507 F.3d 1107, 1114 (8th Cir. 2007). "Decisions concerning the admission of expert testimony lie within the broad discretion of the trial court." *Anderson v. Raymond Corp.*, 340 F.3d 520, 523 (8th Cir. 2003) (quotation marks omitted).

"Rule 702 favors admissibility if the testimony will assist the trier of fact, and doubts regarding whether an expert's testimony will be useful should generally be resolved in favor of admissibility." *Clark v. Heidrick*, 150 F.3d 912, 915 (8th Cir. 1998) (quotation marks and citations omitted). "'[T]he rejection of expert testimony is the exception rather than the rule." *Robinson v. GEICO Gen. Ins. Co.*, 447 F.3d 1096, 1101 (8th Cir. 2006) (quoting Fed. R. Evid.

702 advisory committee's note). "'Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.'" *Id.* (quoting *Daubert*, 509 U.S. at 595). However, "[w]here 'opinion evidence . . . is connected to existing data only by the *ipse dixit* of the expert,' a district court 'may conclude that there is simply too great an analytical gap between the data and the opinion proffered.'" *Smith v. Cangieter*, 462 F.3d 920, 924 (8th Cir. 2006) (quoting *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997)).

### III. DISCUSSION

#### A. Defendants' Motion to Exclude Plaintiff's Expert, Dr. Bryce G. Rutter

Plaintiff has offered the opinions of Dr. Bryce Rutter regarding infringement and validity of the '769, '300, and '165 patents, which relate to improved vacuum cleaner designs that permit users to use the vacuum cleaners more easily. Defendants move to exclude his testimony on the ground that he is not qualified as one of ordinary skill in the pertinent art.[1]

In a patent case, an expert must at least be one of ordinary skill in the pertinent art. *See Sundance, Inc. v. Demonte Fabricating Ltd.*, 550 F.3d 1356, 1363-64 (Fed. Cir. 2008). The Federal Circuit has held that in a patent case, "it is an abuse of discretion to permit a witness to testify as an expert on the issues of noninfringement or invalidity unless that witness is qualified as an expert in the pertinent art." *Id.* at 1363. As the Court noted in its *Markman* Order, the parties do not dispute that one of ordinary skill in the art is someone with a bachelor's degree in mechanical engineering or equivalent technical experience. *See Markman* Order, Doc. 146, at p.

---

[1] Defendants also argue that Dr. Rutter's opinions on infringement and invalidity of the '769 Patent should be excluded because they are not reliable. However, the Court has found that Defendants are entitled to summary judgment of non-infringement of the '769 Patent even when Dr. Rutter's opinions are considered and has dismissed the invalidity counterclaims for the '769 Patent. Thus, Dr. Rutter's opinions with regard to that patent are no longer relevant to the case, and the Court need not reach the question of the admissibility of those opinions.

6.[2] Defendants argue that Dr. Rutter does not qualify as one of ordinary skill in the art because he does not hold a bachelor's degree in mechanical engineering and because "nothing in his experience remotely equates to the math and engineering curriculum required for a bachelor's degree in mechanical engineering." Defs.' Mot. To Exclude, Doc. 279, at 4. Plaintiff acknowledges that Dr. Rutter does not have a bachelor's degree in mechanical engineering, but argues that his education and experience give him "equivalent technical experience."

The Court agrees with Plaintiff and finds that Dr. Rutter is qualified as one of ordinary skill in the art. Defendants' narrow focus on the fact that Dr. Rutter does not have a mechanical engineering degree is misplaced. *See United States v. Roach*, 644 F.3d 763, 764 (8th Cir. 2011) ("Rule 702 does not rank academic training over demonstrated practical experience"). Dr. Rutter's extensive experience with appliance design and consumer vacuum appliances, combined with his educational background in industrial design and kinesiology, gives him the "equivalent technical experience" needed to qualify him as of ordinary skill in the art. Dr. Rutter has been working in the field of industrial design for nearly thirty-five years and has experience in research and development related to vacuum cleaners and products such as power tools, manual tools, and automotive vacuum gages. He is a named inventor on more than 100 patents, including at least one patent for an invention related to ergonomic improvements to vacuum cleaners. *See* Doc. 295-1, U.S. Patent No. 6,079,080 ("Upright Floor Cleaner"); Expert Report of Dr. Bryce Rutter ("Rutter Report"), Doc. 237, at pp. 1-3 & Ex. A. He has taught design studios, design methodologies, and materials and manufacturing courses at the University of Illinois. He also has a bachelor's degree and a master's degree in Industrial Design and a Ph.D. in Kinesiology. This

---

[2] Although both parties state that the Court "determined" these to be the qualifications of a person of ordinary skill in the art, *See* Doc. 279, at 3; Doc. 295, at 2, the Court has never been presented with any dispute regarding the necessary qualifications; it has simply accepted the parties' undisputed description of those qualifications.

education and technical experience makes Dr. Rutter qualified as one of ordinary skill in the art. To the extent that there may be some gaps in Dr. Rutter's relevant qualifications, those gaps go to the weight of his testimony rather than its admissibility. *See Robinson*, 447 F.3d at 1100 ("Gaps in an expert witness's qualifications or knowledge generally go to the weight of the witness's testimony, not its admissibility") (quotation marks omitted).

Defendants rely on *Flex-Rest, LLC v. Steelcase, Inc.*, 455 F.3d 1351 (Fed. Cir. 2006), and *Khoury v. Philips Med. Sys.*, 614 F.3d 888 (8th Cir. 2010), to support their position. In *Flex-Rest*, the technology at issue involved computer keyboard positioning systems that enabled a keyboard to be positioned at various angles. *Id.* at 1354. The district court determined that one skilled in the art of the invention was a keyboard designer, and it precluded an ergonomics expert from testifying as an expert regarding the design of keyboard systems and the prior art at the time of the invention. *Id.* at 1360. The Federal Circuit affirmed, finding "no indication that the district court abused its discretion" in concluding that the expert was "not one of ordinary skill in the art at the time of the invention." *Id.* at 1363. *See also Khoury*, 614 F.3d at 891, 893 (finding district court did not abuse its discretion in precluding an ergonomics expert from opining about defectively designed lab equipment because he was not "trained, experienced, or educated in the design of medical devices or laboratories").

Both cases are distinguishable. In *Flex-Rest* and *Khoury*, there was no indication that the experts at issue had any technical experience in product design or any experience with the type of technology at issue; they were described only as experts in "ergonomics." Here, in contrast, Dr. Rutter has extensive experience in product design, including experience with consumer vacuum cleaner design. Moreover, given the lack of discussion of reasons and the abuse of

discretion standard used in *Flex-Rest* and *Khoury*, those cases provides little guidance for the Court.

For all of the above reasons, the Court finds that Dr. Rutter is qualified as one of ordinary skill in the pertinent art, and Defendants' motion to exclude his opinions will be denied.

### B. Defendants' Motion to Exclude Testimony of Plaintiff's Expert David Bowen (Doc. 288)

Defendants move to exclude the testimony of Plaintiff's proffered expert, Mr. David Bowen, regarding infringement of the '170 Patent and infringement of certain asserted claims of the '485 Patent.[3]

#### *1. Mr. Bowen's Opinions Regarding the '170 Patent Are Admissible*

Defendants argue that Mr. Bowen's opinions regarding the '170 Patent are irrelevant and unreliable because he failed to apply a reliable methodology before concluding that the Accused Products infringe the '170 Patent.

Each claim of the '170 Patent requires "said canister being constructed of a material capable of being collapsed under vacuum loads." Doc. 13-3, '170 Patent. This Court has construed the term "material capable of being collapsed under vacuum loads" to mean material such as "injection molded plastic or the like." *Markman* Order, Doc. 146, at 20-22. Mr. Bowen noted this construction in his Expert Report. He stated that all of the '170 Accused Products have canisters that are made of molded plastic and that his investigation (through a visual inspection) showed that the canisters were formed through an injection molding process. *See* Expert Report

---

[3] Defendants also argue that Mr. Bowen's opinions on infringement and invalidity of the '083 Patent should be excluded because he applied an incorrect construction of the term "spiral" in rendering his opinions. However, as with the '769 Patent, the Court need not reach this argument because even when those opinions are considered, Defendants are entitled to summary judgment on the '083 Patent, and the '083 invalidity counterclaims have been dismissed.

of David Bowen, Doc. 236-5, at 13; Deposition of David L. Bowen (Jan. 21, 2015) ("Bowen Dep."), Doc. 252-8, at 116:2-4. He opined that all of the '170 Accused Products have a canister constructed of a material capable of being collapsed under vacuum loads.

Defendants argue that Mr. Bowen did not follow the methodology he testified would be required to determine infringement, because he did not measure the thickness of the canisters in the Accused Products. Defendants emphasize that Mr. Bowen testified that the thickness of injection molded plastic forming a canister "would be a consideration in determining whether the canister would collapse," Bowen Dep., Doc. 252-8, at 112:2-5, yet he admitted that he did not measure the thickness of the canisters in the Accused Products, *id.* at 115:25-116:4. This argument is without merit. The question of whether the claim limitation is met does not turn on "whether the canister would collapse" in the Accused Products, but rather on whether the canister was constructed of a "*material* capable of being collapsed" under vacuum loads. Mr. Bowen's testimony makes it clear that he determined that the canisters in the Accused Products were constructed of a "material capable of being collapsed" because he found that they were made of injection molded plastic. He also offered testimony suggesting that although a canister made of injection-molded plastic could "in a hypothetical case" be made thick enough to avoid collapse, it would not be commercially viable to do so in a vacuum cleaner, suggesting that obtaining thickness measurements in the Accused Products. Bowen Dep., Doc. 252-8, 112:16-22. Defendants present nothing from Mr. Bowen's testimony or elsewhere to suggest that one must measure the thickness of a canister in order to determine whether it the canister is constructed of a "material capable of being collapsed."

Moreover, assuming *arguendo* that the thickness of the injection-molded plastic is a necessary consideration in assessing whether it is a material capable of being collapsed, Mr.

Bowen did have the opportunity to observe the thickness of the canister in the Accused Products before concluding that the canister was constructed of a material capable of being collapsed. If Defendants contend that he should have acquired precise measurements of the thickness of the canister before drawing that conclusion, that is a challenge to the factual basis for Mr. Bowen's conclusions and goes to the weight of his testimony rather than its admissibility. *See Sphere Drake Ins. PLC v. Trisko*, 226 F.3d 951, 955 (8th Cir. 2000) ("Attacks on the foundation for an expert's opinion, as well as the expert's conclusions, go to the weight rather than the admissibility of the expert's testimony.").

Mr. Bowen's report shows that he used a reliable methodology in forming his opinions when he considered the Court's claim construction, inspected the Accused Products, and applied that claim construction to those Accused Products. There are no gaps in his analysis.

### 2. *Mr. Bowen's Opinions Regarding the '485 Patent Are Admissible*

Defendants argue that Mr. Bowen failed to apply the actual claim language of the '485 Patent to the Accused Products to evaluate infringement. Claims 1 and 36 of the '485 Patent recite "a cap having first and second ends, the first end defining a tapered outlet." Defendants argue that in his expert report, Mr. Bowen provided the opinion that the Accused Products have a tapered cap rather than a tapered outlet. Bowen Report, Doc. 236-5, at 25.

Defendants appear to mischaracterize Mr. Bowen's report, in which he plainly states his opinion that "All of the '485 Accused Products have 'a cap having first and second ends, the first end defining a tapered *outlet*.'" *Id.* (emphasis added). Although he discusses his opinion that the "cap" is tapered, he also specifically labels a diagram as having a "[t]apered outlet." *Id.* This shows that Mr. Bowen did compare the actual claim language to the Accused Products in conducting his analysis.

Defendants also argue that the rectangular opening that Mr. Bowen labeled as a "tapered outlet" in the Accused Products cannot be "tapered" because it does not have a decreasing cross-section along any length. However, that appears to be a concern about the correctness of Mr. Bowen's conclusions, and it goes to the weight to be afforded his opinion, not its admissibility. *See Sphere Drake Ins. PLC*, 226 F.3d at 955. Defendants' motion to exclude Mr. Bowen's opinions with regard to the '485 Patent will be denied.

## IV. CONCLUSION

For all of the above reasons,

**IT IS HEREBY ORDERED** that Defendants' Motion to Exclude Plaintiff's Expert Bryce Rutter (Doc. 279) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Exclude Plaintiff's Expert David Bowen (Doc. 288) is **DENIED**.

/s/Shirley Padmore Mensah
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 30th day of September, 2015.