UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EMERSON ELECTRIC CO., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|   vs. | ) |
| | ) |
| SUZHOU CLEVA ELECTRIC | ) |
| APPLIANCE CO., LTD., | )   Case No. 4:13CV1043SPM |
| CLEVA HONG KONG LIMITED, | ) |
| CLEVA NORTH AMERICA, INC., and | ) |
| SEARS, ROEBUCK AND CO., | ) |
| | ) |
|     Defendants. | ) |
| | ) |

## **MEMORANDUM AND ORDER**

This case is before the Court on Emerson Electric Co.'s Motion to Exclude Expert Opinion Testimony from Stuart Holsten, Mark Tomasiak, and Joseph Gierer, under Fed. R. Civ. P. 26 and 37. (Doc. 282). For the reasons stated below, this motion will be granted.

### I.   BACKGROUND

Defendants intend to call as expert witnesses three current and former Emerson employees who are inventors on patents asserted by Emerson in this action: Stuart Holsten, Mark Tomasiak, and Joseph Gierer (collectively, the "inventors"). In their Rule 26(a)(2)(C) disclosure, Defendants stated that they anticipated that the inventors would "provide testimony regarding Plaintiff Emerson Electric Co.'s allegations of patent infringement and Defendants' non-infringement and invalidity defenses." (Doc. 294-1).

Regarding infringement, Defendants further stated in the disclosure that they anticipated that the inventors "will testify regarding the scope and meaning of the asserted claims to one of ordinary skill in the art and the application of the asserted claims to the accused products" and that the specific opinions provided "will be consistent with Defendants' Preliminary Counter-Infringement Contentions." These contentions were attached to the disclosure. They consist of more than 20 pages of claim charts addressing all of the limitations in the asserted claims.

Regarding invalidity, Defendants stated that they anticipated that the inventors "will testify regarding the scope and meaning of the asserted claims to one of ordinary skill in the art and the application of the asserted claims to the prior art" and that the specific opinions provided would be consistent with Defendants' Amended Final Invalidity Contentions. Defendants attached to the disclosure their counter-infringement contentions. They more than 150 pages long, contain numerous different purported bases for invalidity, and discuss numerous different pieces of prior art.

## II. DISCUSSION

Plaintiff now asks the Court to exclude the testimony of the inventors on two grounds: (1) that disclosure provided by Defendants was inadequate under Fed. R. Civ. P. 26(a)(2)(C), and (2) to the extent Plaintiff can ascertain what testimony the inventors would offer, those opinions are inadmissible under Federal Rule of Evidence 702.

As a preliminary matter, the Court notes that this motion has been rendered partially moot by the Court's order granting partial summary judgment. Although it is unclear to the Court what specific topics the inventors plan to testify about, the three specific topics Defendants discuss as examples in their opposition brief—invalidity under 35 U.S.C. § 112(1), invalidity under 35 U.S.C. § 112(2), and invalidity under 35 U.S.C. § 102—are no longer relevant in light

of the Court's summary judgment order. However, to the extent that Defendants expect to offer testimony from the inventors on other topics, the motion is still relevant and must be addressed.

### A. Defendants' Disclosure Does Not Comply With Federal Rule of Civil Procedure 26(a)(2)(C)

Rule 26(a)(2)(C) establishes the disclosure requirements for expert witnesses who are not required to provide a written report. Under Rule 26, such an expert's disclosure "must state: (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). "Although the information required under Fed. R. Civ. P. 26(a)(2)(C) is less extensive than an expert report under 26(a)(2)(B), . . . the two forms of disclosure share the goal of increasing efficiency and reducing unfair surprise." *Brown v. Providence Med. Ctr.*, No. 8:10CV230, 2011 WL 4498824, at *1 (D. Neb. Sept. 27, 2011) (internal quotation marks omitted). Courts have found that a party cannot comply with its disclosure obligations under this rule by merely stating the topic that will be discussed at a high level and/or identifying documents containing information consistent with the opinion testimony to be offered. *See, e.g., Comm Net , Inc. v. EMS, Inc.,* No. 8:12CV336, 2014 WL 8772195, at *1-*2 (D. Neb. Feb. 14, 2014) (excluding testimony from experts where their Rule 26(a)(2)(C) disclosure merely provided a high-level list of topics on which the witnesses would testify; reasoning that it was not a "summary of the facts and opinions" sufficient to support any expert opinion); *Ingram v. Novartis Pharms. Corp.*, 282 F.R.D. 563, 564 (W.D. Okla. 2012) (disclosure providing that experts would testify "in accordance with" their medical records and deposition testimony was insufficient under Rule 26(a)(2)(C)); *Balinger v. Casey's Gen. Store*, Inc., No. 1:10-CV-1439-JMS-TAB, 2012 WL 1099823, at *4 (S.D. Ind. March 29, 2012) (noting that permitting a party to provide medical records in lieu of a summary under Rule 26(a)(2)(C)

"would invite a party to dump a litany of medical records on the opposing party" and would be "contrary to the rule's attempt to extract a 'summary'").

The Court finds that Defendants' disclosure does not comply with the requirements of Rule 26(a)(2)(C). The disclosure contains no meaningful "summary of the facts and opinions" on which the inventors will testify. It simply contains generic, high-level references to the subject matter of the entire case, along with a statement that the inventors' testimony will be "consistent with" voluminous attached documents describing all of Defendants' numerous infringement and invalidity contentions. Defendants' disclosure amounts to little more than a statement that the inventors will testify as to nearly all of the issues in the case, in a manner consistent with Defendants' asserted positions in the case. That is not a "summary of facts and opinions," and it does nothing to promote the goals of "increasing efficiency" or "reducing unfair surprise" to the opposing parties. It is not sufficient to satisfy Rule 26(a)(2)(C).

When a party fails to provide the information required by Rule 26, "the district court has wide discretion to fashion a remedy or sanction as appropriate for the particular circumstances of the case." *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008) (citing Fed R. Civ. P. 37(c)(1)). Under Rule 37(c)(1), the court "may exclude the information or testimony as a self-executing sanction unless the party's failure to comply is substantially justified or harmless." *Id.* "When fashioning a remedy, the district court should consider, *inter alia*, the reason for noncompliance, the surprise and prejudice to the opposing party, the extent to which allowing the information or testimony would disrupt the order and efficiency of the trial, and the importance of the information or testimony." *Wegener*, 527 F.3d at 692.

After consideration of the four factors above, the Court finds that Plaintiff's motion to exclude this testimony should be granted. Defendants offer no justification for their

noncompliance, and Emerson correctly points out that allowing this testimony would be unfairly prejudicial to Emerson, because Emerson would not know what opinions the inventors were going to offer until Defendants asked them questions at trial. Emerson also correctly points out that based on the present disclosure, the only way for Emerson to prepare for trial would be for Emerson to assume that the inventors could be questioned about every matter set forth in Defendants' invalidity and infringement contentions. That creates an inefficiency that violates the purpose of Rule 26(a)(2)(C).

However, the Court also finds that Defendants should have the opportunity to submit an amended disclosure that complies with Rule 26(a)(2)(C). Such an amended disclosure would address Emerson's concerns about unfair surprise at trial and about its inability to efficiently prepare for these witnesses' testimony. Any possible prejudice to Emerson from this late disclosure is significantly mitigated by the fact that these experts are either employed by or provide work for Emerson, so Emerson has access to these witnesses and may freely discuss their opinions with them after they are disclosed.

If Defendants choose to submit an amended disclosure, the disclosure must contain a summary of the specific facts and opinions the inventors tend to offer, and that summary may not simply be a reference to other documents or deposition testimony. If Defendants submit such an amended disclosure, Plaintiff will then have the opportunity to move to exclude the inventors' testimony if Plaintiff believes it is warranted.

### B. The Court Need Not Reach Plaintiff's Arguments Regarding Federal Rule of Evidence 702

Because the Court will exclude the inventors' testimony, it need not address Emerson's argument that their testimony is inadmissible under Rule 702. The Court further notes that the absence of detail in the disclosure of the inventors' testimony makes it almost impossible to

address the admissibility of that testimony under Rule 702. As discussed above, if Defendants choose to provide an amended disclosure stating the subject matter on which the witnesses are expected to present evidence, Plaintiff may renew its objections to that testimony under Rule 702.

### III. CONCLUSION

For all of the above reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Exclude Opinion Testimony from Stuart Holsten, Mark Tomasiak, and Joseph Gierer is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants may submit an amended Rule 26(a)(2)(C) disclosure for Stuart Holsten, Mark Tomasiak, and Joseph Gierer by **Tuesday, December 22, 2015**.

**IT IS FURTHER ORDERED** that if Defendants submit an amended disclosure, Plaintiff may submit a motion to exclude the testimony of Stuart Holsten, Mark Tomasiak, and Joseph Gierer by **Tuesday, January 5, 2015.**

                                                                            /s/ Shirley Padmore Mensah
                                                                            SHIRLEY PADMORE MENSAH
                                                                            UNITED STATES MAGISTRATE JUDGE

Dated this 15th day of December, 2015.